UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

JC McCrary,

                    *Plaintiff*,

    -against-

David Rich,

                    *Defendant*.

--------------------------------------X

**MEMORANDUM AND ORDER**

21-CV-3684(KAM)(ARL)

**KIYO A. MATSUMOTO, United States District Judge:**

On June 25, 2021, pro se Plaintiff JC McCrary ("Plaintiff"), currently incarcerated at Wallkill Correctional Facility in Wallkill, New York, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Civil Rights Act of 1871, alleging that Defendant David Rich ("Defendant") violated his First, Fourth, Fifth, and Fourteenth Amendment rights by refusing to mail him copies of a traffic ticket issued to a third party.

This is the second action filed by Plaintiff against Defendant regarding Plaintiff's access to traffic records. On September 24, 2019, after Plaintiff's first action was dismissed for failure to state a claim and he was granted leave to amend, the Court dismissed his first action for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See McCrary v. Marks ("McCrary I")*, 17-cv-4368, 2019 WL

8587294 (KAM), at *1 (E.D.N.Y. Sept. 24, 2019).  The United States Court of Appeals for the Second Circuit affirmed.  *McCrary v. Marks*, 836 F. App'x 73, 74 (2d Cir. 2021) (summary order).

Presently before the Court is Defendant's Rule 12(b)(6) motion to dismiss the instant complaint for failure to state a claim upon which relief may be granted.[1]  (*See* ECF No. 20, Defendant's Motion.)  For the reasons set forth below, Defendant's Rule 12(b)(6) motion to dismiss is **GRANTED**.

## BACKGROUND

For the purpose of deciding Defendant's Rule 12(b)(6) motion, the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in Plaintiff's favor.  *See Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021).  The Court may also consider "matters of which judicial notice may

---

[1] Defendant moves to dismiss under Federal Rule of Civil Procedure 12(c) as well as Rule 12(b)(6).  (*See* Nos. 20, Defendant's Motion; 20-3, Memorandum of Law in Support of Defendant's Motion to Dismiss.)  Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Pleadings include both the complaint and the answer to the complaint. Fed. R. Civ. P. 7(a); *see Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).

Here, the pleadings are not closed because Defendant has not yet filed an answer.  Accordingly, his Rule 12(c) motion is premature.  The United States Court of Appeals for the Second Circuit has determined, albeit in a summary order, that a premature Rule 12(c) motion may be construed as a Rule 12(b)(6) motion because the motions are assessed under the same legal standard. *Ezra v. Bristol-Myers Squibb Co.*, 784 F. App'x 48, 49 (2d Cir. 2019) (summary order); *see also Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 124 (2d Cir. 2001) (construing an untimely Rule 12(b)(6) motion as a Rule 12(c) motion because "in both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor").  Defendant, however, has already filed a Rule 12(b)(6) motion.  Thus, the Court will address only Defendant's Rule 12(b)(6) motion to dismiss, and deny without prejudice Defendant's Rule 12(c) motion as premature.

be taken," including judicial records, if relied upon "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773, 774 (2d Cir. 1991) ("The practice of taking judicial notice of public documents is not new.").

## I.   Factual Background

Plaintiff JC McCrary is an inmate currently incarcerated at Wallkill Correctional Facility in Wallkill, New York.[2]  (*See* ECF No. 1, Complaint ("Compl."); ECF No. 10, Notice of Change of Address.)  Defendant David Rich is the Executive Director of the Nassau County Traffic and Parking Violation Agency (the "TPVA"). Plaintiff sues Defendant in Defendant's individual and official capacity.  Plaintiff alleges as follows.  (*See* Compl. at 3—7.)

### A.  *McCrary I*

On July 21, 2017, Plaintiff filed a § 1983 lawsuit against Defendant, at that time the Assistant Executive Director of the TPVA, and John G. Marks ("Marks"), the then-Executive Director of the TPVA.[3]  *See* (*Id.* at 3); *McCrary I*, 2019 WL 8587294, at *1.  In

---

[2] Although the complaint alleges that Plaintiff is incarcerated at Eastern Correctional Facility in Napanoch, New York, Plaintiff has since filed notice of a change of address. (*See* ECF No. 10.)  For purposes of this Memorandum and Order, the Court assumes that Plaintiff is incarcerated at the address provided in the notice.  (*See id.*)

[3] Plaintiff first alleges in the instant complaint that Marks is TPVA's Executive Director, and that Defendant is the Assistant Executive Director.  (Compl. at 3.)  Later in the complaint, Plaintiff alleges that he "mailed a letter addressed to Marks at the TPVA thinking that [Marks] was still the Executive Director."

3

his first action, Plaintiff alleged violations of his First and
Fourteenth Amendment rights due to the TPVA's refusal to mail him
copies of a September 3, 2005 traffic ticket issued to Luis F.
Mejia ("Mejia"), a non-party. (Compl. at 3.); *McCrary I*, 2019 WL
8587294, at *1.  He alleged that the TPVA repeatedly had denied
his written requests for copies of Mejia's traffic records,
including requests made pursuant New York's Freedom of Information
Law ("FOIL"), N.Y. Pub. Off. L. §§ 84-90. (*See* 17-cv-4368, ECF
No. 1, Complaint at 2-3); *McCrary I*, 2019 WL 8587294, at *1—2.
Plaintiff did not allege a relationship with Mejia nor why he
sought a copy of Mejia's records. *McCrary I*, 2019 WL 8587294, at
*1.

Defendant and Marks moved to dismiss under Rule 12(b)(6) for
failure to state a claim. (Compl. at 3); *McCrary I*, 2019 WL
8587294, at *2.  They asserted, among other arguments, that there
was no First Amendment right to access traffic court records and
thus there was no constitutional deprivation to support a § 1983
claim. (*See* Compl. at 3; *see also* 17-cv-4368, ECF No. 15-4,
Memorandum of Law in Support of Defendant's Motion to Dismiss, at
9-12.)

---

(*Id.* at 6.)  Plaintiff then alleges that he subsequently "mailed a letter to
the TPVA addressed to [Defendant], Executive Director." (*Id.*).  The Court
assumes for purposes of this Memorandum and Order that Defendant, not Marks, is
the TPVA's Executive Director; moreover, Marks is a non-party to this action,
and his position at TPVA has no bearing on Plaintiff's claims.

The Court granted the motion to dismiss, finding that Plaintiff had not alleged any actual denial of access to traffic records. (*See* Compl. at 4); *McCrary I*, 2019 WL 8587294, at *3. The Court granted leave to amend, however, and directed Plaintiff to explain "how his right to inspect (as opposed to receive a copy in the mail) the documents was denied in any way and/or how the failure to provide him with mailed copies of these documents" was causing him to suffer an actual injury. (Compl. at 4; *see also* 17-cv-4368, ECF No. 26, Order Adopting Report and Recommendation, at 9-10).

On September 28, 2018, Plaintiff filed an amended complaint, again alleging that Defendant and Marks had violated his First Amendment right to access traffic records, but "setting forth allegations involving only Marks." *McCrary I*, 2019 WL 8587294, at *3;(Compl. at 4.) Plaintiff alleged that, after receiving Plaintiff's March 10, 2017 letter complaining that he had been denied "access to court records," Marks had "mailed [P]laintiff a form that was limited to [P]laintiff obtaining [Plaintiff's] own records and not the [Mejia] records requested." (Compl. at 4).

Defendant and Marks filed a second Rule 12(b)(6) motion to dismiss, asserting that (1) Plaintiff's allegations did not establish any actual injury; (2) he did not establish a constitutional right to access traffic records; and (3) he insufficiently alleged Defendant's and Marks' personal involvement

5

in the alleged violation, as required under § 1983. (*See* Compl. at 4—5); *McCrary I*, 2019 WL 8587294, at *3.

The Court granted the second motion to dismiss, finding that Plaintiff did not allege a viable First Amendment denial of access claim. *McCrary I*, 2019 WL 8587294, at *4. Even if the Court assumed that there was a First Amendment right of access to traffic records, Plaintiff did not establish that he was actually denied access. *Id.* at *5. The Court noted:

> Plaintiff does not allege that he appeared in person but was turned away. Plaintiff does not allege that the traffic files were sealed, rendering them effectively inaccessible even if he had appeared in person . . . . Nor does Plaintiff allege that he requested the records using the form provided in response to his letter and was subsequently denied access.

*Id.* The fact that Plaintiff was incarcerated did not create a right to be mailed "any documents he request[ed]." *Id.* at *6. The Second Circuit affirmed. *See McCrary*, 836 F. App'x at 74.

**B. Instant Action**

Plaintiff's new action alleges that on February 26, 2021, following the Second Circuit's decision affirming this Court's dismissal of his prior action, he "mailed a letter addressed to Marks at the TPVA thinking that [Marks] was still the Executive Director," and again requested a copy of Mejia's traffic records. (Compl. at 6.) He mailed a second letter addressed to Marks on March 15, 2021, this time requesting Mejia's traffic records via

the form provided by the TPVA in prior communications.  (*See id.*)
Four days later, on March 19, 2021, he allegedly received a letter
from the TPVA's general counsel.  (*See id.*)  Referring to
Plaintiff's February 26, 2021 letter as constituting a FOIL
request, it stated that "after a diligent search, Mejia's ticket
could not be located."  (*Id.*)

On March 23, 2021, Plaintiff mailed a letter to Defendant,
stating that his February 26, 2021 letter had not been a FOIL
request, asserting that TPVA's claim that the ticket could not be
located was "patently false," and asking for a copy of Mejia's
traffic ticket.  (*See id.* at 6—7.)  Plaintiff alleges that on March
29, 2021, Plaintiff received a letter from Defendant "stating that
Mejia's traffic ticket could not be located."  (*Id.* at 7.)  He
alleges that this assertion is "patently false and contrived to
deny Plaintiff access to the ticket," and that it contradicts
Defendant's arguments in *McCrary I* because Defendant never
previously "claim[ed] the ticket did not exist."[4]  (*Id.*)  Plaintiff
alleges that Defendant's actions violated his First Amendment
right of access to judicial records and his right to due process
under the Fifth and Fourteenth Amendments.  (*Id.*)

---

[4] These statements present legal conclusions, rather than factual statements;
the Court need not accept legal conclusions as true for purposes of considering
whether a complaint states a claim. The Court sets forth these statements herein
to provide full context.

## II.  Procedural History

Plaintiff commenced the instant action on June 25, 2021, pursuant to § 1983. (Compl. at 1.)  He requests as relief: (1) a declaratory judgment that Defendant's actions were unconstitutional; (2) an order directing Defendant to provide Plaintiff access to Mejia's traffic records; (3) $100,000 in compensatory damages and $300,000 in punitive damages; and (4) "judicial notice" that Defendant "did not deny the existence of [Mejia's] traffic ticket" in any prior court proceedings that were "related to this matter."  (*Id*. at 10-11.)

On September 10, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed the Clerk of Court to issue a summons against Defendant and serve the summons and complaint on Defendant without prepayment of fees.  (ECF Nos. 5, 8.)  Defendant moved to dismiss Plaintiff's complaint, and the motion to dismiss was fully briefed on May 31, 2022.  (*See* ECF Nos. 20, Motion to Dismiss; 20-3, Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Br."); 21, Plaintiff Memorandum of Law in Opposition to the Motion to Dismiss ("Pl. Br."); 22, Reply Memorandum of Law in Support of Motion to Dismiss ("Reply Br.").)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, "[a] pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks, italics, and citations omitted). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (italics omitted) (internal quotation marks omitted).

<u>**DISCUSSION**</u>

**I.  Res Judicata**

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties [or those in privity with the parties] from relitigating issues that were or could have been raised in that action." *Brown Media Corp. v. K&L Gates*, LLP,

9

854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks omitted).  Courts may consider a res judicata defense on a motion to dismiss if "the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint."); Fed. R. Civ. P. 8(c)(1).

Res judicata, however, "encompasses two significantly different doctrines: claim preclusion and issue preclusion." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107 (2d Cir. 2015).  Under the doctrine of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 107—08 (internal quotation marks and citation omitted).  Issue preclusion, in contrast, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.* at 108.

Defendant argues that res judicata bars Plaintiff's claims, because (1) "the issues raised" by Plaintiff are "exactly those which have been previously adjudicated"; (2) the *McCrary I*

proceedings are specifically alleged in Plaintiff's complaint; and (3) Plaintiff's "essential claims" in the instant action "are the same as those asserted in *McCrary I*." (Def. Br. at 7.) Because Defendant does not clarify which doctrine of res judicata he invokes—and because Defendant's argument appears to invoke both doctrines—the Court addresses both issue preclusion and claim preclusion below.

### A. Issue Preclusion

Issue preclusion applies to bar an action if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (internal quotation marks, alterations, and citation omitted).

Although Plaintiff raised in the prior action the issue of whether he had a constitutional right to access traffic records—and fully briefed the issue, amounting to a "full and fair opportunity" to litigate it—the issue was not "decided." *Id.*; (*see* 17-cv-4368, ECF Nos. 27, Amended Complaint at 2-3, 31, Plaintiff Reply to Motion to Dismiss). In *McCrary I*, the Court stated that it "need not decide whether there is a First Amendment

right of access to traffic records at this time because Plaintiff's claim fails on other grounds." 2019 WL 8587294 at *5. Because the issue was not "decided" in *McCrary I*, and thus its resolution could not have been "necessary to support a valid and final judgment," issue preclusion does not bar Plaintiff's instant complaint. *Id.*

**B. Claim Preclusion**

There are three steps to determine whether claim preclusion applies to bar an action: "1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; [and] 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.*" Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Here, the first two elements of claim preclusion are easily satisfied. First, *McCrary I* involved an adjudication on the merits: on September 25, 2019, this Court dismissed Plaintiff's amended complaint for failure to state a claim upon which relief may be granted, after concluding that Plaintiff did not allege that Defendant had denied him physical access to traffic records. *McCrary I*, 2019 WL 8587294, at *4-6. A Rule 12(b)(6) dismissal is an adjudication on the merits for the purposes of res judicata. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[T]he dismissal for failure to state a claim is a final judgment

12

on the merits and thus has res judicata effects."). Plaintiff argues that his prior claims were not adjudicated on the merits because the Court never issued "a judgment . . . holding that the First Amendment right of access to judicial records does not extend to traffic tickets." (Pl. Br. at 4.) This assertion, however, misstates the doctrine. A Rule 12(b)(6) dismissal constitutes an adjudication on the merits not because a court rules on the parties' legal arguments, but because "the sufficiency of a complaint to state a claim . . . is [itself] a question of law." *Berrios*, 564 F.3d at 134. Accordingly, the Court may adjudicate "on the merits," as it did in *McCrary I*, on the basis that elements of Plaintiff's claims were lacking, without determining whether there was a First Amendment right to access traffic records. *See McCrary I*, 2019 WL 8587294, at *6 ("[Plaintiff] has alleged no actual injury.").

Second, *McCrary I* involved the same parties as the instant action. Both Plaintiff and Defendant were parties in the prior action, which Plaintiff does not dispute. *See id.* at *1.

The third element of claim preclusion—whether the claims asserted in the second action "were, or could have been, raised in the prior action"—requires more extensive analysis. *Monahan*, 214 F.3d at 285. To determine if a second action concerns the same claims as the first action, the Court considers "whether the same transaction or connected series of transactions is at issue,

13

whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *TechnoMarine*, 758 F.3d at 499 (internal quotation marks and citation omitted).

Defendant contends that "[a]ll the relevant prior proceedings are specifically alleged" in the instant complaint, and that Plaintiff makes the same assertions in both actions concerning his right to access traffic records, which Defendant argues establishes that the instant action concerns the same claims as *McCrary I*. (Def. Br. at 7; *see* Reply Br. at 5.)  It is true that Plaintiff extensively discusses *McCrary I* in the instant complaint. (*See* Compl. at 3-5.)  And several of Plaintiff's allegations in the instant complaint—e.g., that he mailed "a second letter to the TPVA" that included "the form mentioned in the district court and Court of Appeals decision" and that the TPVA had never previously asserted that the ticket "could not be located"—support a finding that a "connected series of transactions is at issue," that certain "facts essential to the second [action] were present in the first," and that claim preclusion applies. *TechnoMarine*, 758 F.3d at 499; (Compl. at 6-7.)

The factual allegation that Plaintiff primarily asserts as Defendant's constitutional violation, however, occurred *after McCrary I* concluded in February 2021: he alleges that "[o]n March

14

29, 2021, Plaintiff received a letter from [Defendant] stating that Mejia's traffic ticket could not be located." (Compl. at 7.) It is this letter that Plaintiff asserts violated his constitutional right to access judicial records, because the letter was "patently false and contrived to deny Plaintiff access to the ticket." (Compl. at 8.) He further contends that the letter was a violation because

> it contradicts the defendant and TPVA's position in court filings in prior state and federal court proceedings . . . that the First Amendment does not apply to traffic tickets[,] . . . without once claiming the ticket did not exist.[5]

*Id.* The alleged letter was mailed to Plaintiff over a month after *McCrary I* concluded. (Compl. at 6-7.)

In such circumstances, where "a claim aris[es] subsequent to a prior action," the Second Circuit has instructed that courts "must be mindful" of applying res judicata. *TechnoMarine*, 758 F.3d at 499 (internal quotation marks omitted). Indeed, "[i]f the second litigation involved different transactions, and especially *subsequent* transactions, there generally is no claim preclusion." *Proctor v. LeClaire*, 715 F.3d 402, 412 (2d Cir. 2013) (quotation marks, citation, and italics omitted). The term 'transaction,' however, "must be given a flexible, common-sense construction that recognizes the reality of the situation." *Monahan*, 214 F.3d at

---

[5] Plaintiff repeats this assertion for his Fifth and Fourteenth Amendment claims. (*See* Compl. at 8-9.)

289.  Accordingly, "post-judgment conduct constitutes a new claim" where the alleged conduct "is sufficient to state a cause of action on its own—without the need to incorporate facts that preceded the first suit," or where it is "based upon legally significant acts occurring after the filing of a prior suit." *TechnoMarine*, 758 F.3d at 500—01 (internal quotation marks, italics, and citation omitted).

Although Plaintiff alleges post-judgment conduct via the March 29, 2021 letter, he fails to sufficiently allege a separate cause of action. *Id.* He asserts only that Defendant's letter violated his constitutional rights because it was "patently false" and "contrived," but provides no further factual detail or support for those allegations. (Compl. at 8-9.) The Court is not required to find that such conclusory allegations establish a separate cause of action. *See Drimal v. Tai*, 786 F.3d 219, 223 (2d. Cir. 2015) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks omitted)).

Further, Plaintiff's second assertion—that Defendant's letter violated his constitutional rights because Defendant had not previously "claim[ed] the ticket did not exist"—does not deem the March 29, 2021 letter as a "legally significant" post-judgment event. *Compare Poppington, LLC v. Brooks*, No. 20-cv-8616 (JSR), 2021 WL 3193023, at *5 (S.D.N.Y. July 27, 2021) (post-judgment copyright registration was a "legally significant" act for

copyright infringement action), *with McCluskey v. Roberts*, No. 19-cv-2386 (RRM), 2020 WL 6449234, at *5 (E.D.N.Y. Nov. 3, 2020), *aff'd*, No. 20-4018, 2022 WL 2046079 (2d Cir. June 7, 2022) (no "legally significant" event where defendants had continued to refuse plaintiff's medical expense requests and used allegedly defective form discussed in prior action). Instead, Plaintiff's claim is "grounded almost entirely upon events preceding the prior litigation," as it relies on differentiating Defendant's current representations from those made before *McCrary I*. *TechnoMarine*, 758 F.3d at 502; *see also Limtung v. Thomas*, No. 19-CV-3646 (RPK), 2021 WL 4443710, at *7 (E.D.N.Y. Sept. 28, 2021) (Section 1983 claim barred by res judicata where alleged post-judgment conduct, a deed transfer, was limited to "resurrecting" a prior claim).

Accordingly, Plaintiff fails to allege a separate cause of action or legally significant event sufficient to prevent claim preclusion from barring his First, Fifth, and Fourteenth Amendment claims.[6]

---

[6] Plaintiff did not raise Fifth and Fourteenth Amendment claims in the operative amended complaint in *McCrary I*. (*See* 17-cv-4368, ECF No. 1, Complaint at 2-3.) Claim preclusion, however, extends to "claims that *might* have been raised in the prior litigation but were not." *Marcel Fashions Grp.*, 779 F.3d at 108 (emphasis added). Plaintiff's Fifth and Fourteenth Amendments claims—arising out of the same transaction as his prior First Amendment claim and thus which could have been raised in his prior complaint—are therefore also barred by claim preclusion. *See, e.g.*, *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam) ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." (internal quotation marks and citation omitted)).

## CONCLUSION

For the forgoing reasons, Defendant's Rule 12(b)(6) motion is **granted.**  The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and close this case. Defendant is requested to serve a copy of this Memorandum and Order and the judgment on *pro se* Plaintiff and note service on the docket.

**SO ORDERED**

Dated:      November 28, 2022
            Brooklyn, New York

*Kiyo A. Matsumoto*
_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

18